IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEEM, INC.,

    Plaintiff,

v.

TRAVELPORT, LP and DOES 1-10,

    Defendants.

No. C 15-03683 JSW

**ORDER REQUIRING FURTHER BRIEFING RE MOTION TO TRANSFER**

    Now before the Court is the motion to transfer pursuant to 28 U.S.C. § 1404(a) filed by Defendant Travelport, LP ("Defendant"). The hearing on the motion to transfer is set for December 4, 2015 and the motion is fully briefed.

    Plaintiff Deem, Inc. ("Plaintiff") filed a Complaint with three causes of action for violations of: (1) breach of contract for failure to negotiate; (2) promissory estoppel; (3) negligent misrepresentation. According to the allegations in the Complaint, which must be taken as true at this procedural posture, Defendant violated the terms of a Letter Agreement to negotiate a settlement of disputes between the parties in good faith. The relationship between the parties is governed by a series of contracts, noticeable to the Court. The parties' multiple agreements are attached to the Declaration of Elinor H. Murorova.

    The Complaint explicitly sets out that the basis of the relationship between the parties is premised upon the foundation of three separate written agreements: (1) the February 10, 2011 Integration and Revenue Sharing Agreement between Travelport and Global Ground Automation, Inc. (attached as Exhibit F); (2) the September 21, 2010 Web Services Agreement

1 between Travelport and Global Ground Automation, Inc. (attached as Exhibit B); and (3) the
2 April 11, 2000 Galileo Services Display and Reservations Agreement between Galileo
3 International, LLC and Saturn Internet Reservations Systems, Inc. (attached as Exhibit A).  (*See*
4 Complaint at ¶ 7.)  Plaintiff designates these three agreements collectively as the "Deem Ground
5 Agreements" and describes the parties as having "had an existing relationship pursuant" to these
6 Agreements.  (*See id.*)

7       The Court may take judicial notice of these Agreements as they form the basis upon which
8 the Complaint is premised and no party has disputed the authenticity of the agreements.  *See*
9 *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (holding that the court may consider
10 documents outside of the complaint where the contents of the documents "are alleged in the
11 complaint and whose authenticity no party questions.").  However, the three foundational
12 agreements – as identified by Plaintiff – which appear before the Court designate Illinois as both
13 the choice of law and venue in the April 2000 Agreement (Murorova Decl., Ex. A at ¶ 23), no
14 specific choice of law or venue (Murorova Decl., Ex. B at 5), and California law with no specific
15 venue designation in the February 2011 Agreement (Murorova Decl., Ex. F at ¶ 16(D)).  The
16 Service Order, however, integrates three other agreements which it states form the basis of the
17 parties' agreements.  These documents designate Georgia as choice of law and venue.  (*See*
18 Murorova Decl., Ex. C at ¶ 29, Ex. D at ¶ 24, and Ex. E at ¶ 14.)

19       The Court is inclined to transfer this matter to the venue agreed upon by the parties, but as
20 the record is unclear, it is not possible to discern that appropriate venue or choice of law analysis.
21 It is clear that the Letter Agreement upon which Plaintiff premises its breach of contract claims –
22 which does not designate a choice of law or venue – must rely upon the foundational agreements
23 between the parties.  It is, however, unclear which specific documents constitute the foundational
24 agreements between the parties and, accordingly, what venue and choice of law provisions those
25 contracts designate to resolve this dispute.

26       Accordingly, the Court HEREBY ORDERS that the parties submit the agreed-upon
27 foundational agreements for the Court's review and highlight the choice of law and venue
28 designations in each foundational contract.  As Travelport bears the burden of demonstrating that

2

1  transferring venue is appropriate, Defendant shall first submit its analysis of the foundational
2  documents supporting its theory of the contractual relationship between the parties.  This
3  submission shall not exceed 10 pages and shall be filed no later than November 23, 2015.
4  Plaintiff shall file its response, also not to exceed 10 pages, by no later than December 8, 2015.

   The hearing on the motion set for December 4, 2015 is HEREBY VACATED and may be reset only by further order of the Court.  The initial case management conference set for December 11, 2015 is HEREBY VACATED and, if the matter is not transferred, shall be reset by further order of the Court.

   **IT IS SO ORDERED.**

Dated: November 9, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE